IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES HEWITT,

    Petitioner,

v.

WARDEN LILLARD,

    Respondent.

Case No. 3:24-CV-2517-NJR

## ORDER OF DISMISSAL

**ROSENSTENGEL, Chief Judge:**

    Petitioner Charles Hewitt, an inmate at the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). In the Petition, Hewitt alleges that Respondent violated his First Amendment right by barring or limiting his use of email to communicate with family and the "public." (*Id.* at p. 6). As relief, Hewitt asks the Court to order Respondent to provide "[u]nlimited and free email use (no charge per minute of use) for the entire duration of [his] sentence." (*Id.* at p. 7).

    This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

    A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact or duration of confinement. *See Valona v. United States*,

138 F.3d 693, 694 (7th Cir. 1998). Section 2241 cannot be used to challenge the *conditions* of confinement. *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). If a prisoner is not challenging the fact of his confinement but rather seeks redress for a violation of constitutional rights by a person acting under the color of federal authority, he must bring the claim in an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

While courts have, in the past, construed a mistakenly labeled habeas corpus petition as a civil rights complaint, the Seventh Circuit has made it clear that this practice is improper. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). As such, this Court will not re-characterize the instant habeas petition as a civil rights action, and it offers no opinion regarding the merits of Hewitt's claim.

Because Hewitt is not challenging the fact or duration of his confinement, it is plainly apparent that he is not entitled to relief under § 2241. Accordingly, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment and close this case.

In light of this Order, Hewitt's motion for summary judgment (Doc. 12) and his motion for status (Doc. 13) are **DENIED as moot**.

### NOTICE

If Hewitt wishes to appeal this Order, he must file a notice of appeal within **60 days** of this Order. *See* FED. R. APP. P. 4(a)(1)(B). Hewitt must list each issue he intends to appeal in the notice of appeal. See FED. R. APP. P. 24(a)(1)(C). If Hewitt chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.

*See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED: October 3, 2025

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**